UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAUREEN HELM,

   Plaintiff,

Case No.: 8:14-cv-00840-VMC-AEP

v.

RETRIEVAL-MASTERS
CREDITORS BUREAU, INC. d/b/a
AMERICAN MEDICAL
COLLECTION AGENCY,

   Defendant.
_____/

### DEFENDANT, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. D/B/A AMERICAN MEDICAL COLLECTION AGENCY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, INC. d/b/a AMERICAN MEDICAL COLLECTION AGENCY (hereinafter referred to as "Defendant"), by and through its undersigned counsel, and hereby files this its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

1. Admitted for purposes of claims identification only, otherwise denied.

2. This paragraph contains no allegation against Defendant and therefore no response is necessary. To the extent the allegation is asserted directly or indirectly upon Defendant, the allegation is denied.

### PARTIES

3. Unknown at this time, therefore denied.

4. Unknown at this time, therefore denied.

5. Admitted.

6. Admitted only that Defendant is engaged in the business of collecting debts owed or due another, otherwise denied.

## JURISDICTION AND VENUE

7. Admitted for purposes of jurisdiction only, otherwise denied.

8. Admitted for purposes of venue only, otherwise denied.

## STATEMENT OF FACTS

9. Unknown at this time, therefore denied.

10. Unknown at this time, therefore denied.

11. Admitted only that Exhibit A to Complaint purports to be a letter from Defendant to Plaintiff, of which the content speaks for itself, otherwise denied.

12. Admitted only that the content of Exhibit A speaks for itself, otherwise denied.

13. Admitted only that the content of Exhibit A speaks for itself, otherwise denied.

14. Admitted only that the content of Exhibit A speaks for itself, otherwise denied.

15. Unknown at this time, therefore denied.

16. Admitted only that Exhibit B to Complaint purports to be a letter from Plaintiff to Defendant, of which the content speaks for itself, otherwise denied.

17. Admitted only that the content of Exhibit B speaks for itself, otherwise denied.

18. Denied; Defendant demands strict proof thereof.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et. seq.*

19. Defendant incorporates Paragraphs One (1) through Eighteen (18) above as if fully stated herein.

20. Denied; Defendant demands strict proof thereof.

21.     Denied; Defendant demands strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

### Second Affirmative Defense

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

### Third Affirmative Defense

Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

### Fourth Affirmative Defense

Defendants affirmatively allege that the Plaintiff's claims under 15 U.S.C. Section 1692 and/or do not demonstrate conduct that the Defendant attempted to enforce a debt it knew to be illegitimate.

### Fifth Affirmative Defense

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to 15 U.S.C. §1692k since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Sixth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any alleged actions or in actions of Defendant, if any, exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations imposed by the Fair Debt Collection Practices Act.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling the defendant to an award of attorney's fees reasonable in relation to the work expended and costs, pursuant to 15 USC Section 1692k and 28 USC Section 1927.

Respectfully submitted this 2nd day of May, 2014.

                        Respectfully submitted,
                        /s/ *Ernest H. Kohlmyer, III*
                        Ernest H. Kohlmyer, III

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on May 2, 2014, via the Court Clerk's CM/ECF system which will provide notice to the following: Paul R. Fowkes, Esquire of the law firm Disparti, Fowkes & Hasanbasic, P.A. at pfowkes@dfhlawfirm.com.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Phone: (407) 245-8352
Fax: (407) 245-8361
*Attorneys for Defendant*
